Carmel v Young Men's & Young Women's Hebrew Assn. (2022 NY Slip Op 00370)





Carmel v Young Men's & Young Women's Hebrew Assn.


2022 NY Slip Op 00370


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Gische, J.P., Webber, Mendez, Rodriguez, Pitt, JJ. 


Index No. 152741/18 Appeal No. 15136-15136A Case No. 2021-02083, 2021-03445 

[*1]Kay Carmel, Plaintiff-Appellant,
v
The Young Men's and Young Women's Hebrew Association, Doing Business as 92nd Street Y, Defendant-Respondent.


Jaroslawicz & Jaros PLLC, New York (Elizabeth Eilender and David Tolchin of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Sari Havia of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert David Kalish, J.), entered January 13, 2021, dismissing the complaint, unanimously reversed, on the law, without costs, the judgment vacated, and the complaint reinstated. Appeal from order, same court and Justice, entered December 7, 2020, which, inter alia, granted defendant's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant sustained its initial burden of demonstrating prima facie entitlement to summary judgment. The surveillance video, which showed plaintiff tripping and falling on the front stairs of defendant's building, showed that plaintiff placed only the front portion of her foot on the third stair, causing her to lose her balance and fall. Thus, the video appears to show that the proximate cause of the accident was plaintiff's failure to put her entire foot on the third step, rather than any dangerous or defective condition of the stairs. Plaintiff's testimony about the accident was also consistent with what appeared on the video.
However, in response to defendant's motion, plaintiff presented evidence, by way of an expert affidavit, sufficient to raise a triable issue of fact whether defendant's negligence was a proximate cause of her injuries. In his affidavit, plaintiff's expert opined that defendant violated the 1922 Building Code of City of New York § 153(6), which requires an intermediate or middle handrail where, as here, stairs are more than 88 inches wide. Defendant does not dispute the applicability of the 1922 Building Code or the interpretation of § 153(6) provided by plaintiff's expert. Rather, defendant contends that it is merely speculative to conclude that a middle handrail would have prevented the accident, as plaintiff did not use the side handrails before her fall and did not reach for the handrails as she stumbled. However, plaintiff testified that when she was unbalanced, she was looking around for something to grab onto, there was nothing to grab because the rail was too far away. She believed that she was within reach of the door handle, and indeed, the video shows her reaching in that direction. An issue of fact therefore exists as to whether the absence of a required middle handrail was a proximate cause of plaintiff's injuries in that she might have reached for a middle handrail had one
been present (see Al Aabdy v 281 St Nicholas Partners LLC, 193 AD3d 402, 403 [1st Dept 2021]; Gil v Margis Realty LLC, 183 AD3d 547, 548 [1st Dept 2020]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022